48 F.3d 1217
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Thurman Edward DORTCH, Defendant-Appellant.
 No. 93-5759.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1995.
Decided March 10, 1995.
 
 Walter T. Johnson, Jr., Greensboro, NC, for appellant. Walter C. Holton, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, NC, for appellee.
 Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Thurman Edward Dortch appeals his conviction for conspiracy to misapply bank funds, 18 U.S.C. Sec. 371 (1988) (Count One), misapplication of bank funds, 18 U.S.C.A. Sec. 656 (West Supp.1994) (Counts Two through Seven), and money laundering, 18 U.S.C.A. Sec. 1956(a)(1)(B)(i) (West Supp.1994) (Count Eight), alleging that the evidence of money laundering was insufficient and the jury instruction on misapplication of bank funds was defective. He appeals his 72-month sentence on the grounds that the district court clearly erred in determining the amount of loss and in finding that he obstructed justice by giving perjured testimony at trial. United States Sentencing Commission, Guidelines Manual, Secs. 2F1.1, 3C1.1 (Nov.1992). We affirm.
 
 
 2
 In 1986 and 1987, Dortch was a commercial loan officer with NationsBank in Durham, North Carolina. He approved a number of real estate loans to co-defendant Gary Lynn Wallace, owner of H & W Developers. When Wallace encountered financial difficulties, he came to Dortch for more money to pay the interest on a large loan from another bank. To hide the fact that he was approving loans to Wallace which were far in excess of the amount he was authorized to loan to one customer, Dortch made the loans to J-Maur & Associates, and also used the names of Oliver Jenkins and Dr. Robert Dawson, individuals who were unaware that their names were being used.
 
 
 3
 From October 1988 to March 1992, Dortch approved loans to numerous "shell" companies owned by Wallace, using the names of previous employees of H & W Developers as guarantors, without their knowledge. Some of the money loaned was used by Wallace to buy real estate, some was used to pay off prior loans from NationsBank.
 
 
 4
 In December 1991, Dortch was assigned to a new position, that of community investment officer, effective in March 1992, and his loan portfolio became the responsibility of another loan officer. Before moving to his new position, Dortch sought to camouflage the prior loans to Wallace by making loans totalling $2.3 million to seven nominees recruited by Wallace. They were each paid $5000 to apply for a real estate loan from NationsBank, after being assured that the procedure was legitimate and Wallace would repay the loan. The loans were used to buy properties in Durham which were worth less than the values listed on the loan documents. The surplus was used to pay off the prior unauthorized loans to Wallace and his companies. Dortch also embezzled $109,000 for his own use by using some of the proceeds of the various loans to Wallace to pay off his credit cards and a car loan, buy a rental house, and lease a new Audi.
 
 
 5
 Dortch and Wallace were tried separately and both were convicted of conspiracy and seven counts of misapplication of bank funds. Dortch was also convicted of money laundering based on his use of $15,000 to lease the Audi.
 
 
 6
 Dortch contends that the jury instruction concerning misapplication of bank funds did not convey his good faith defense and did not adequately inform the jury that to convict him they had to find that he intended to injure or defraud the bank. A separate instruction on a good faith defense is not necessary in a fraud prosecution if the district court gives adequate instructions on specific intent. United States v. Fowler, 932 F.2d 306, 316-17 (4th Cir.1991). To be adequate, the jury instruction in a Sec. 656 case must state that "intent to inflict pecuniary injury to the bank is an essential element of the offense...." United States v. Blackwood, 735 F.2d 142, 145 (4th Cir.1984) ( quoting United States v. Arthur, 602 F.2d 660, 663 (4th Cir.), cert. denied, 444 U.S. 992 (1979)).
 
 
 7
 The district court instructed the jury that to convict they must find that Dortch willfully misapplied bank funds with intent to injure or defraud the bank. The court then defined "with intent to injure or defraud the bank" as "to act knowingly and with the intent to deceive or to cheat the bank and to inflict pecuniary injury to the bank." This instruction adequately conveyed the correct legal standard to the jury. Neither the instruction nor the failure to give a good faith instruction constitutes reversible error.
 
 
 8
 Dortch maintains that the evidence was insufficient to support a conviction of money laundering because his purpose in paying $15,000 to lease an Audi was simply to spend, not to conceal, the proceeds of his unlawful activity. He points out that he signed the $15,000 NationsBank check with his own name and identified the remitter as "Feron," one of Wallace's shell companies. He relies on United States v. Sanders, 928 F.2d 940 (10th Cir.), cert. denied, 60 U.S.L.W. 3260 (U.S.1991), in which the defendants' purchase of two cars with cash from drug sales was held to be not money laundering because there was no attempt to conceal the origin of the money.
 
 
 9
 A conviction must be affirmed if there is substantial evidence which, taken in the light most favorable to the government, supports a finding of guilt. Glasser v. United States, 315 U.S. 60, 80 (1942). To sustain a conviction for money laundering under Sec. 1956(a)(1)(B)(i), the government was required to prove that Dortch knowingly conducted a financial transaction with the proceeds of unlawful activity and that the transaction was designed, in whole or in part, to conceal or disguise the nature, source, ownership, or control of the proceeds of the unlawful activity. United States v. Campbell, 977 F.2d 854, 857 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3583 (U.S.1993).
 
 
 10
 While Dortch did not hide his identity in leasing the Audi, the transaction was not "an ordinary commercial transaction," as he asserts. Dortch used an official NationsBank check rather than a personal check. The use of Feron as a remitter signalled a link of some sort to Wallace, but Dortch's method of payment did not reveal the fact that the $15,000 he paid was the surplus from a prior series of transactions on behalf of Wallace beginning with the seven nominee loans, all of which were in turn designed to conceal the illegal nature of the money being used to pay off Wallace's loans. The $15,000 was part of Dortch's personal gain from the Wallace fraud. The jury could reasonably find that his use of an official NationsBank check to lease the Audi was an attempt to conceal the nature of the funds he paid to the car dealer, and thus constituted money laundering.
 
 
 11
 Dortch contends that the district court clearly erred in determining that the bank's loss was over $1.5 million in that it accepted the bank's figures for the value of the properties purchased with the nominee loans (which the bank intended to foreclose on and sell to recoup some of its loss) rather than the higher values assigned to the proper ties by the appraiser he used at the time the loans were made. He also argues that the court failed to take into account his testimony that some of the money he supplied to Wallace was his own.
 
 
 12
 These arguments are without merit. The court found, after hearing exhaustive evidence at two trials and during sentencing, that the bank's appraisals were more realistic and more reliable than those commissioned by Dortch. Moreover, the court reduced the bank's figures for estimated loss because it questioned the bank's method of valuing the properties at zero even before assessing expenses it could expect to incur in the sale of the properties. The district court found that Dortch's testimony that he used his own money to help Wallace, making the bank's loss correspondingly less, was not credible. Apart from his testimony, Dortch did not provide any evidence that he gave his personal funds to Wallace. Moreover, although Dortch testified that he gave Wallace $24,000 in cash in September 1987, Wallace testified to the contrary at sentencing.
 
 
 13
 Most important, even if the court had found the loss to be below $1.5 million, as Wallace and Dortch argued at sentencing, the decrease of one more offense level would not have changed Dortch's final offense level or his guideline range. Because Count Eight, the money laundering count, was grouped separately, and the adjusted offense level for Count Eight was 25, a reduction in the adjusted offense level for Counts Two through Seven to 23 rather than 24 would have had no effect on the final offense level. USSG Sec. 3D1.4. Therefore, any error was harmless at most.
 
 
 14
 Finally, the adjustment for obstruction of justice under guideline section 3C1.1 was not clearly erroneous. Perjury is conduct which qualifies for the adjustment; however, the district court must make a specific finding that the defendant gave false testimony at trial which was deliberately false and intended to mislead the jury, rather than the result of bad memory, confusion, or mistake. United States v. Dunnigan, 61 U.S.L.W. 4180, 4183 (U.S.1993).
 
 
 15
 Dortch testified that in September 1987 he gave Wallace $24,000 of his own money, in cash, to help Wallace pay the interest on his loans and avoid injury to the bank. At the sentencing hearing, Wallace testified that this never occurred. The court found that Dortch's testi mony was a deliberate falsehood, not the result of confusion or mistake, and was designed to mislead the jury. This finding was adequate under Dunnigan, and was not clearly erroneous; the court made a credibility determination between Dortch and Wallace which is not reviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 16
 We therefore affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED